### John R. Dodge et al. v. A. E. Harmon.

1. VERDICTS—*Sustained by the Evidence.*—The court reviews the evidence in this case and concludes that there is ample evidence in the record to justify the verdict rendered, and that the judgment must be affirmed.

Assumpsit, on a promissory note. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

WELTY & STERLING, attorneys for appellants.

A. E. DeMANGE, attorney for appellee

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit by the appellants against the appellee, prosecuted to judgment in the Circuit Court of McLean County. There was a trial by jury and verdict and judgment for the appellee. The appellants bring the case to this court and urge as grounds for reversal that the Circuit Court, at the instance of the appellee, gave improper instructions to the jury, and that the verdict and judgment are against the law and evidence.

The declaration is upon a promissory note given by the appellee to the appellants on September 1, 1896, for $1,000,

due in four months, with six per cent interest from date, u til paid.

But one plea was interposed, and it averred that at the time the suit was commenced and now, the appellants are indebted to the appellee for one half the commissions of $2,000, earned by the appellants in procuring a real estate trade between one Jewett, and the appellee; that one half of said commissions was paid the appellants by said Jewett, and the other half the appellee was to pay, and for which he gave them the note sued upon; that while said commissions were being earned by the appellants, one J. F. Hessel aided them in making said real estate trade, and for said aid, the appellants agreed to pay said Hessel one half of said commissions, which they never did, and which claim of said Hessel against the appellants he, the said Hessel, before the commencement of this suit, assigned to the appellee, and he now holds same against the appellants, and offers to set off same against the amount due them from him on the note sued on, and that it is enough to satisfy same.

To this plea the appellants entered a general denial, and issue was joined thereon.

The facts out of which this litigation arose are as follows:

One Jewett, of Buffalo, N. Y., owned a horse ranch in Kansas, which he valued at $100,000. His superintendent in charge of same was one Hessel. The appellee, Harmon, owned a brick office building in Bloomington, Illinois, valued by him at $100,000. The appellants, Dodge & Zimmerman, knew the ranch and office building, and also were acquainted with said Hessel. The appellants were employed by said Jewett and Harmon to procure a trade of these properties between said Jewett and Harmon for a total commission of $2,000; said Jewett to pay one half thereof, and said Harmon the other half. Said Hessel claimed that the appellants employed him to aid them in making this trade and agreed to pay him one half the commissions therefor. The trade was made and Hessel did aid in procuring it to be made. Said Jewett paid the appellants his one half of said commissions, being $1,000; and said

Harmon gave them the note sued on in this case, for the other half. Before the suit was brought, Hessel assigned his claim for one half these commissions to the appellee.

The only question of fact upon which there was any serious conflict in the evidence, was whether Hessel was promised by the appellants the one half of said commissions, and on that question there is ample evidence in the record to justify the verdict rendered, and we will not disturb it for that reason.

As to the contention that the court improperly instructed the jury, we will say that the instructions complained of were more favorable to the appellants than the law arising from the facts justified; hence they ought not to complain on that account, nor were they prejudiced thereby.

From a full consideration of all the evidence in this record we are satisfied with the conclusion reached in the Circuit Court and therefore affirm its judgment herein.